IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| RACHEL KANNADAY, | ) |
| | ) |
| Plaintiff Garnishor, | ) |
| | ) Case No. 12-cv-2742-RDR/KGS |
| vs. | ) |
| | ) |
| CHARLES BALL, Special Administrator | ) |
| of the Estate of Stephanie Hoyt, deceased, | ) |
| | ) |
| Defendant. | ) |
| | ) |
| Geico Indemnity Insurance Company, | ) |
| | ) |
| Garnishee Defendant. | ) |

## REPLY

COMES NOW the plaintiff, and makes the following Reply to Garnishee's Opposition to

the pending Motion to Compel:

1.      The parties disagree on the position of plaintiff and the relationship

between the parties.  This is a garnishment case.  That means that plaintiff actually

steps into the shoes of the insured (the defendant).  *Sours v. Russell*, 25 Kan.App.2d

621, 622, 967 P.2d 348, 351 (1998); *Bergeson v. Dilworth*, 875 F.Supp. 733, 738 (D.

Kan. 1995).  That means the discovery request is a request by the insured to obtain the

liability insurance company's claim file with regard to the claim the insurance company

defended that was made against the insured.  There can be no privilege to allow the

liability insurance company to withhold information under these circumstances.  *See,

e.g.*, *Fortune Ins. Co. v. Greene*, 775 So.2d 338, 339 (Fla. Dist. Ct. App. 2000)

(attorney client privilege and work product immunity do not apply); *Longo v. American

Policyholders' Ins. Co.*, 436 A.2d 577, 580 (N.J. Super. 1981) (insurer cannot invoke

attorney client privilege to preclude pretrial disclosure of confidential communications

between it and attorney it selected to represent insured); *Colbert v. Home Indem. Co.*,

259 N.Y.S.2d 36 (N.Y. Spec. Term 1965) (insured entitled to examine documents in files of insurers' agents, documents not exempt as attorney's work product, inasmuch as defendants were working on behalf of insured in gathering material); *Silva v. Fire Ins. Exchange*, 112 F.R.D. 699, 699 – 700 (D. Mont. 1986) (claims of work product and attorney could not be invoked to insurer's benefit to preclude discovery by insured of claims file in action concerning breach of duty of good faith in processing claim); *Chitty v. State Farm Mut. Auto. Ins. Co.*, 36 F.R.D. 37 (E.D. S.C. 1964) (insured entitled to have insurer produce from its files for inspection any advice of its agents, adjusters and attorneys relevant to issue of its negligence, recklessness and bad faith in not settling prior action). In fact, there is law that the insurance company claim file actually belongs to the insured. *See, e.g., Grewell v. State Farm Mut. Auto. Ins. Co., Inc.*, 102 S.W.3d 33, 36 – 37 (Mo. banc 2003) (where, after analogizing the insured/insurer relationship to the attorney/client relationship, the Missouri Supreme Court held an insured has a "right of access to his or her liability insurance claims file.");

2.    The parties also appear to disagree on the procedural status before the Court. The motion is a discovery motion, not a motion for summary judgment. It appears to plaintiff as though the garnishee is asking the Court to enter summary judgment, in ruling on a discovery motion, with regard to some of the claims pending against the garnishee.

3.    The claims in the lawsuit against the garnishee involve the entire file handling by the garnishee, from the date the accident occurred through the dismissal of defendant's appeal in the Kansas Court of Appeals. That occurred in 2012. Garnishee continually acted without communication with the insured and contrary to the interests of the insured. Attached as Exhibit A is an excerpt of plaintiff's interrogatory answer

2

with regard to the contentions, along with the contentions from the Pretrial Order in the prior garnishment case.

4.	This is not an issue under Henry Enterprises v. Smith, 225 Kan. 615, 592 P.2d 915 (1979). First of all, that case has nothing to do with a discovery issue before this Court. This Court follows its own rules of civil procedure and its own discovery rules. Secondly, the case stands for the proposition that in a tort case, the plaintiff is entitled to see the investigation file of the defendant's liability insurance carrier with regard to investigation conducted prior to the filing of suit or involvement of counsel on behalf of the insurance company or defendant. If the case had anything at all to do with this case, it stands for the proposition that plaintiff herein could obtain Geico's claim file with regard to the claim against Geico as long as that investigation was conducted before Geico retained counsel or the lawsuit was filed against Geico. The case has nothing to do with an insurance company trying to hide its claim file with regard to a tort case that has already been tried.

5.	Garnishee next tries to tell the Court that it makes some difference whether there are any other assets in the estate of Hoyt. None of that has anything to do with this discovery issue. In fact, whatever liability the garnishee has for its bad faith and/or negligence is an asset of the Hoyt estate.

6.	Through the "facts" set forth by the garnishee, garnishee appears to be trying to convince this Court that it was not negligent and not in bad faith. That's not the issue before the Court.

7.	Garnishee next tells the Court:

>	"This litigation is not about failure to provide a good faith defense to the claims brought by Kannaday against the estate of Hoyt."

3

Garnishee either totally misunderstands the claim against it or is intentionally trying to misdirect the Court. Whether garnishee provided a good faith defense, a competent defense, and a defense without conflict of interest is precisely one of the issues in this case.

8.      Garnishee has next told the Court that it provided a "timely, effective and vigorous defense". The Court can't decide that on this discovery issue and garnishee's allegation in that regard is simply that, an allegation. It is in considerable dispute.

9.      Garnishee has next told the Court that it "totally and completely protected the Hoyt estate assets". That is also in dispute. Plaintiff understands that garnishee takes the position it takes, but that doesn't mean it is so. Discovery is the issue, not summary judgment.

10.      Garnishee next tells the Court that:

"The only bad faith claim available to Rachel Kannaday addresses Geico's settlement procedures which occurred well before litigation commenced".

Again, garnishee either totally misunderstands the claim against it or is intentionally trying to misdirect the Court. That is not the only bad faith claim. Plaintiff admits that it is the only bad faith claim that garnishee wants the plaintiff to make against it.

11.      Garnishee next tells the Court that the claim file with regard to the claim of Kannaday against Hoyt is protected by the attorney/client privilege. Quite frankly, that is nonsense. Geico was not the attorney. Geico was not the client. The claim file concerned the insurance company (Geico) and its insured (estate of Hoyt). The privilege asserted is totally frivolous. There's been no privilege log produced, but if one

4

were produced and it showed that there was nothing in the claim file except communications between attorney and client, then that, in and of itself, would be bad faith. The insurance company has obligations to its insured when it takes control of the only defense the insured has to a claim. However, those are summary judgment issues, not discovery issues.

12.     Garnishee next tells the Court that it can protect its claim file, with regard to its defense of its insured in a tort case, from discovery as "work product" when there is a garnishment proceeding pending challenging the good faith and reasonable care of the insurance company. Of course, garnishee cites absolutely no law whatsoever for such a proposition. The claim file that's the subject of the pending discovery request was not prepared in anticipation of litigation or preparation for trial of this garnishment case. It had to do with a case that's already over. It is in judgment. It is the case that forms the basis of this garnishment.

13.     Garnishee next tells the Court that its claim file isn't "relevant". Obviously, that's not the issue and it is not the test. The test is whether the request for discovery is "reasonably calculated to lead to the discovery of admissible evidence". Here, it obviously is. One of the claims in this lawsuit is that the defendant estate protected itself, totally, from any possible exposure. Garnishee, without the knowledge of the defendant, much less the consent, refused to present defendant's position to the Court of Appeals, took a totally contrary position to the defendant, didn't tell the defendant it was doing it, and gave the defendant no opportunity whatsoever to protect itself. It did that by paying counsel, who was not only counsel of record for the defendant, but also counsel of record for garnishee, Geico. Plaintiff suspects that Geico never even told its insured that it was trying to get the Court of Appeals to attack the release that the

5

defendant didn't want attacked.  However, these are discovery issues.

14.     Finally, it is not the claim file with regard to the "second trial" that's the subject of the pending motion.  It is the claim file with regard to garnishee's handling of the claim against its insured (the Hoyt estate) from all time after the production of the file in 2009.

15.     There are claims in this lawsuit against the garnishee with regard to its file handling all the way through the end of 2012.  Discovery has been sought with regard to the handling, by garnishee, of the claim against the defendant throughout that time. Plaintiff is entitled to discovery on the claims in the lawsuit and garnishee's response to discovery that it believes it will be entitled to summary judgment some day on at least some of the claims simply misses the mark on this discovery issue.

HASTY & ASSOCIATES, LLC


/s/ Paul Hasty, Jr.
Paul Hasty Jr.                    KS # 09132
7101 College Blvd., Suite 350
Overland Park, KS 66210
(913) 317-8068
(913) 317-8058 (facsimile)
phasty@hastyassoc.com

**ATTORNEY FOR
PLAINTIFF/JUDGMENT CREDITOR**

I hereby certify that the above and foregoing was electronically filed on the CM/ECF system and a copy was electronically sent to the following CM/ECF participants on the 11TH day of March, 2013:

Lee Smithyman
Smithyman & Zakoura, Chtd.
750 Commerce Plaza II
7400 W. 110th Street
Overland Park, KS 66210

**ATTORNEYS FOR GARNISHEE**

*/s/ Paul Hasty, Jr.*
Paul Hasty, Jr.
For the Firm