# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| RACHEL KANNADAY, )<br>)<br>      Plaintiff-Garnishor, )<br>)<br>v. )<br>)<br>CHARLES BALL, *Special Administrator* )<br>*of the Estate of Stephanie Hoyt*, )<br>)<br>      Defendant, )<br>)<br>v. )<br>)<br>GEICO INDEMNITY INSURANCE )<br>COMPANY, )<br>)<br>      Garnishee-Defendant. ) | Case No. 12-2742-RDR |

## **MEMORANDUM AND ORDER**

This matter comes before the Court upon Plaintiff Rachel Kannaday's Motion to Compel (ECF No. 21). For the reasons set forth below, Ms. Kannaday's Motion to Compel is hereby granted.

### **I.    Procedural Conference Requirement**

Fed. R. Civ. P. 37(a)(1) and D. Kan. Rule 37.2 require a moving party, in good faith, to confer with opposing counsel about any discovery disputes before filing a motion to compel. When a motion to compel is filed, it "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action."[1] The duty to confer generally requires counsel to "converse, confer, compare views, consult, and deliberate, or in good faith attempt to

---

[1] Fed. R. Civ. P. 37(a)(1).

do so."[2] Ms. Kannaday's Motion states and correspondence confirms that counsel for the parties have tried to informally resolve the present discovery dispute. The parties, however, have reached an impasse concerning the production of a certain file held by Garnishee Defendant Geico Indemnity Insurance Company ("Geico"). Based on this information, the Court finds that Ms. Kannaday has satisfied the procedural conference requirement.

**II.    Background**

The procedural history of this case is extensive and, therefore, the Court only provides a summary of the facts that are material to the current discovery dispute. This action arises from a July 13, 2005, motor vehicle accident involving an 18-wheel semi-trailer and an automobile. The accident resulted in the death of the automobile driver, Stephanie Hoyt, and caused life threatening injuries to Ms. Hoyt's passengers.

On March 17, 2006, Ms. Kannaday, one of the injured passengers, initiated a lawsuit against Charles Ball, the special administrator of Ms. Hoyt's estate. The lawsuit was filed in the District Court of Wyandotte County, Kansas, and was based on Ms. Hoyt's negligence that led to the automobile accident and Ms. Kannaday's injuries. Geico, Ms. Hoyt's liability insurer, hired counsel to defend this action on behalf of Ms. Hoyt's estate. On March 18, 2009, the court entered a judgment for $7,219,064.37 in favor of Ms. Kannaday. Ms. Kannaday proceeded to file a garnishment action to recover the judgment from Geico for its alleged negligence and bad faith acts while defending Ms. Hoyt's estate against Ms. Kannaday's lawsuit. Geico subsequently removed the case to the United States District Court for the District of Kansas.[3]

---

[2] D. Kan. Rule 37.2.

[3] *Kannaday, et al. v. Ball*, No. 09-2255-JWL, Notice of Removal, ECF No. 1.

On June 18, 2010, while the garnishment action was pending in federal court, the Kansas Court of Appeals reversed in part the underlying District Court of Wyandotte County judgment and remanded the case for a trial on the merits. As a result, the garnishment action in federal court was dismissed without prejudice.[4] On May 23, 2012, after a three-day trial on the merits, judgment was rendered in favor of Ms. Kannaday for $4,723,368.60.[5] Initially, Ms. Kannaday appealed this judgment but dismissed the appeal in November 2012. Ms. Kannaday then initiated the present garnishment action to recover the entire judgment from Geico based on Geico's alleged negligence and bad faith acts while defending Ms. Hoyt's estate against Ms. Kannaday's lawsuit. On November 26, 2012, the present garnishment action was removed from the District Court of Wyandotte County, Kansas, to the United States District Court for the District of Kansas.[6]

The present issue before the Court is Ms. Kannaday's Motion to Compel Geico to fully produce the documents requested in Request No. 1 of Plaintiff's First Request for Production of Documents to Garnishee Defendant. Request No. 1 requests Geico to produce the "claim file with regard to the claim of Rachel Kannaday against the Estate of Stephanie Hoyt."[7] Request No. 1 "does not include the documents previously produced from the claim file in Case No. 09–cv–02255-JWL/JPO," the first garnishment action removed to federal court.[8] Ms. Kannaday states that "[t]he request does not cover the claim file with regard to the bad faith/negligence claims

---

[4] *See id.*, Order, ECF No. 134.

[5] Judge David W. Boal's Findings of Fact and Conclusions of Law, at ¶ 8, ECF No. 26-5.

[6] *Kannaday, et al. v. Ball*, No. 12-2742-RDR, Notice of Removal, ECF No. 1.

[7] Pl.'s First Req. for Produc. of Docs. to Garnishee Def. Geico at ¶ 1, ECF No. 22-1.

[8] *Id.*

against Geico."[9] Geico objects to Ms. Kannaday's request stating that the remaining documents in the claim file of Ms. Kannaday against the Estate of Stephanie Hoyt are protected by the attorney-client privilege, protected by the work-product doctrine, and are irrelevant.

### III. Discussion

Fed. R. Civ. P. 26(b)(1) provides that "[f]or good cause, the court may order discovery of any matter relevant to the subject matter involved in the action." When a party fails to make disclosure of discovery, the opposing party may file a motion to compel. When a motion to compel is filed and asks the court to overrule certain objections, the objecting party must specifically show how each discovery request is objectionable.[10] Objections initially raised but not supported in the objecting party's response to the motion to compel are deemed abandoned.[11] Similarly, any objections not asserted in the initial response to a discovery request but raised in response to a motion to compel will be deemed waived.[12] If, however, the discovery request seeks information that does not appear facially relevant, the burden is on the movant to demonstrate how the request is not objectionable.[13] With this standard in mind, the Court addresses Geico's objections in turn.

### A. Attorney-Client Privilege and the Work-Product Doctrine

Geico asserts that the remainder of the claim file requested by Ms. Kannaday is protected by the attorney-client privilege and the work-product doctrine. As the party asserting attorney-

---

[9] Pl.'s Mem. in Supp. of Mot. to Compel at ¶ 8, ECF No. 22.

[10] *Sonnino v. Univ. of Kan. Hosp. Auth.*, 221 F.R.D. 661, 670-71 (D. Kan. 2004).

[11] *Cardenas v. Dorel Juvenile Grp., Inc.*, 230 F.R.D. 611, 615 (D. Kan. 2005) (citing *Sonnino*, 221 F.R.D. at 670; *Cotracom Commodity Trading Co. v. Seaboard Corp.*, 189 F.R.D. 655, 662 (D. Kan. 1999)).

[12] *Cardenas*, 230 F.R.D. at 621.

[13] *See Goodyear Tire & Rubber Co. v. Kirk's Tire & Auto Servicenter of Haverstraw, Inc.*, 211 F.R.D. 658, 663 (D. Kan. 2003) (citing *Steil v. Humana Kan. City, Inc.*, 197 F.R.D. 442, 445 (D. Kan. 2000)).

client privilege and work-product protection, Geico bears the burden of establishing that either or both apply.[14] To carry that burden, Geico must make a "clear showing" that the asserted objection applies.[15] Geico must "'describe in detail' the documents or information to be protected and provide 'precise reasons' for the objection to discovery."[16] The "Federal Rules of Civil Procedure require a fairly detailed and specific showing to withhold discovery on privilege grounds."[17] Fed. R. Civ. P. 26(b)(5) provides that when a party withholds documents or other information based upon a privilege or subject to protection as trial-preparation materials, the party must "(i) expressly make the claim; and (ii) describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim."

This detailed and specific showing required under Rule 26 (b)(5) is typically presented in the form of a privilege log.[18] A privilege log under District of Kansas precedent should include the following:

> (1) A description of the document explaining whether the document is a memorandum, letter, e-mail, etc.;
>
> (2) The date upon which the document was prepared;

---

[14] *See Peat, Marwick, Mitchell & Co. v. West*, 748 F.2d 540, 542 (10th Cir. 1984); *McCoo v. Denny's Inc.*, 192 F.R.D. 675, 680 (D. Kan. 2000); *Johnson v. Gmeinder*, 191 F.R.D. 638, 642 (D. Kan. 2000).

[15] *McCoo*, 192 F.R.D. at 680.

[16] *Id.* (quoting *Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. Midland Bancor, Inc.*, 159 F.R.D. 562, 567 (D. Kan. 1994)).

[17] *In re Universal Serv. Fund Tel. Billing Practices Litig.*, 232 F.R.D. 669, 671 (D. Kan. 2005).

[18] *Sprint Commc'ns Co. v. Vonage Holdings Corp.*, No. 05-2433-JWL-DJW, 2007 WL 1347754, at *2 (D. Kan. May 8, 2007). "A privilege log is not always necessary as long as the opposing party and the court can assess whether the claimed privilege applies to the document." *Farha v. Idbeis*, No. 09-1059-JTM, 2010 WL 3168146, at *4 n.11 (D. Kan. Aug. 10, 2010). For example, Rule 26(b)(5)(A)(ii) can be satisfied by describing a particular communication in such narrative detail that a formal privilege log is unnecessary. *Id.*

(3) The date of the document (if different from # 2);

(4) The identity of the person(s) who prepared the document;

(5) The identity of the person(s) for whom the document was prepared, as well as the identities of those to whom the document and copies of the document were directed, including an evidentiary showing based on competent evidence supporting any assertion that the document was created under the supervision of an attorney;

(6) The purpose of preparing the document, including an evidentiary showing, based on competent evidence, supporting any assertion that the document was prepared in the course of adversarial litigation or in anticipation of a threat of adversarial litigation that was real and imminent; a similar evidentiary showing that the subject of communications within the document relates to seeking or giving legal advice; and a showing, again based on competent evidence, that the documents do not contain or incorporate non-privileged underlying facts;

(7) The number of pages of the document;

(8) The party's basis for withholding discovery of the document (i.e., the specific privilege or protection being asserted); and

(9) Any other pertinent information necessary to establish the elements of each asserted privilege.[19]

Further, Geico must "provide sufficient information to enable the Court to determine whether *each element* of the asserted objection is satisfied."[20] This burden can be met only by an evidentiary showing based on competent evidence and cannot be discharged by mere conclusory assertions or blanket claims of privilege.[21] Moreover, the objecting party has the burden to establish the existence of the privilege or immunity prior to the time the court is asked to

---

[19] *In re Universal Serv. Fund Tel. Billing Practices Litig.*, 232 F.R.D. at 673 (citations and quotations marks omitted).

[20] *McCoo*, 192 F.R.D. at 680 (emphasis in original) (citing *Jones v. Boeing Co.*, 163 F.R.D. 15, 17 (D. Kan. 1995)).

[21] *See id.*; *Nat'l Union Fire Ins. Co. of Pittsburgh, Pa.*, 159 F.R.D. at 567 (citations omitted); *Am. Cas. Co. of Reading, Pa. v. Healthcare Indem., Inc.*, No. 00-2301-DJW, 2001 WL 1718275, at *2 (D. Kan. May 21, 2001).

determine its sufficiency and applicability.[22] A party's failure to meet the required showing when the trial court is asked to rule upon the existence of the privilege is not excused because the document is later shown to be one that would have been privileged if a timely showing had been made.[23] "'The applicability of the privilege turns on the adequacy and timeliness of the showing as well as on the nature of the document.'"[24]

It is well settled that if a party fails to make the required showing under Fed. R. Civ. P. 26(b)(5)(A) by not producing a privilege log or by producing an inadequate one, courts may deem the privilege waived.[25] Although this result is not mandated by Rule 26(b)(5)(A) itself, the Advisory Committee clearly contemplated this sanction. The Advisory Committee explains,

> A party must notify other parties if it is withholding materials otherwise subject to disclosure under the rule or pursuant to a discovery request because it is asserting a claim of privilege or work product protection. To withhold materials without such notice is contrary to the rule, subjects the party to sanctions under Rule 37(b)(2), and may be viewed as a waiver of the privilege or protection.[26]

**1. Attorney-Client Privilege**

Rule 501 of the Federal Rules of Evidence dictates how privilege is determined.[27] Pursuant to Rule 501, state law governs the applicability and scope of attorney-client privilege in

---

[22] *Rural Water Sys. Ins. Benefit Trust v. Group Ins. Adm'rs, Inc.*, 160 F.R.D. 605, 608 (D. Kan. 1995).

[23] *Am. Cas. Co. of Reading, Pa.*, 2001 WL 1718275, at *2 (citing *Peat, Marwick, Mitchell & Co.*, 748 F.2d at 542; *McCoo*, 192 F.R.D. at 680).

[24] *Sonnino*, 221 F.R.D. at 669 (quoting *Peat, Marwick, Mitchell & Co.*, 748 F.2d at 542).

[25] *In re Universal Serv. Fund Tel. Billing Practices Litig.*, 232 F.R.D. at 671 (citing *Emp'rs Reinsurance Corp. v. Clarendon Nat'l Ins. Co.*, 213 F.R.D. 422, 428 (D. Kan. 2003)); *see In re TJX Cos., Inc. Fair & Accurate Credit Transactions Act (FACTA) Litig.*, No. 07-1853-KHV, 2008 WL 2437558, at *4 (D. Kan. June 12, 2008); *see also Haid v. Wal-Mart Stores, Inc.*, No. 99-4186-RDR, 2001 WL 964102, at *1 (D. Kan. June 25, 2001).

[26] Fed. R. Civ. P. 26(b)(5) Advisory Committee's note (1993); *see Am. Cas. Co. of Reading, Pa.*, 2001 WL 1718275, at *3.

[27] *ERA Franchise Sys., Inc. v. N. Ins. Co. of New York*, 183 F.R.D. 276, 278 (D. Kan. 1998).

diversity actions.[28] In this case, Ms. Kannaday's garnishment action against Geico is based on Kansas law. In Kansas, the attorney-client privilege is codified in K.S.A. § 60–426. The Kansas Supreme Court has summarized the elements of the attorney-client privilege as follows:

> (1) Where legal advice is sought (2) from a professional legal advisor in his capacity as such, (3) communications made in the course of that relationship (4) made in confidence (5) by the client (6) are permanently protected (7) from disclosures by the client, the legal advisor, or any other witness (8) unless the privilege is waived.[29]

"The privilege 'protects confidential communications by a client to an attorney made in order to obtain legal assistance from the attorney in his capacity as a legal advisor.'"[30] In addition, the privilege does not extend to communication "relevant to an issue of breach of duty by the attorney to such attorney's client."[31]

In response to Ms. Kannaday's discovery request, Geico objected on the grounds of attorney-client privilege "because all such documents were generated while Rachel Kannaday's cause of action was being litigated."[32] Further, Geico's response to the present motion states that the remaining documents within the claim file "address attorney-client and work product documents associated with Geico's appeal and second defense of the Estate of Hoyt on claims brought by Rachel Kannaday through Mr. Hasty[, Ms. Kannaday's attorney]."[33] Additionally,

---

[28] Fed. R. Evid. 501. "[I]n a civil case, state law governs privilege regarding a claim or defense for which state law supplies the rule of decision." *Id. See Sprague v. Thorn Ams., Inc.*, 129 F.3d 1355, 1368-69 (10th Cir. 1997) (discussing the application to state law versus federal law to the issue of attorney-client and work-product privileges); *see also ERA Franchise Sys., Inc.*, 183 F.R.D. at 278.

[29] *Cypress Media, Inc. v. City of Overland Park*, 997 P.2d 681, 689 (Kan. 2000) (quoting *State v. Maxwell*, 691 P.2d 1316, 1319 (Kan. Ct. App. 1984)).

[30] *Marten v. Yellow Freight Sys., Inc.*, No. 96-2013-GTV, 1998 WL 13244, at *6 (D. Kan. Jan. 6, 1998) (quoting *Jones v. Boeing Co.*, 163 F.R.D. 15, 17 (D. Kan. 1995)).

[31] K.S.A. § 60-426(b).

[32] Resps. to Pl.'s First Req. for Produc. of Docs. to Garnishee Def. at 1, ECF No. 22-2.

[33] Garnishee Def.'s Mem. In Opp'n to Mot. to Compel at 9, ECF No. 26.

Geico makes a conclusory assertion that the claim file contains "summaries, work product judgments, evaluations and other information which are clearly protected by the attorney work product privilege and the attorney-client privilege."[34]

Geico, however, did not provide a privilege log at the time it objected to Ms. Kannaday's discovery request or attempt to otherwise satisfy the requirements of Fed. R. Civ. P. 26(b)(5) by sufficiently describing the documents it seeks to protect. Also, Geico did not submit a privilege log with its memorandum in opposition to the present motion or provide a reason for why it failed to do so. In sum, the Court finds that Geico has not made a good faith attempt to comply with Fed. R. Civ. P. 26(b)(5). It appears that Geico believes the requested documents are "clearly protected" and, therefore, a privilege log or other support is not necessary. This District, however, has rejected such an approach. As Judge O'Hara explains:

> There has been *no* evidence presented that plaintiffs ever produced a privilege log with regard to the subject discovery requests. Even if plaintiffs believed the information sought was clearly privileged, they were still obligated under Fed. R. Civ. P. 26(b)(5)(A) to provide a privilege log. As stated in *Haid v. Wal–Mart Stores, Inc.*, 'the question whether materials are privileged is for the court, not the defendant . . . to decide, and the court has the right to insist on being presented with sufficient information to make that decision.' The court finds any claim of privilege plaintiffs may have asserted has been waived.[35]

Further, Geico does not provide any affidavit or any other evidence to support its attorney-client privilege claim.[36] Rather, Geico makes mere conclusory assertions that the documents are "clearly protected." Such an assertion, however, fails to meet the standard contemplated in Rule 26(b)(5).

---

[34] *Id.*

[35] *In re TJX Cos., Inc. Fair & Accurate Credit Transactions Act (FACTA) Litig.*, 2008 WL 2437558, at *4 (emphasis in original).

[36] *See Nat'l Union Fire Ins. Co. of Pittsburgh, Pa.*, 159 F.R.D. at 567 (stating that the party seeking to establish the privilege must make an evidentiary showing based on competent evidence).

In addition, not every communication between an attorney and client is privileged; only confidential communications made for the purpose of seeking or giving legal advice are protected.[37] Here, Geico fails to show that the purpose of the allegedly protected communications was to give or seek legal advice. Consequently, the documents that show the existence or non-existence of communications between Geico and Mr. Ball may or may not be protected. Without a privilege log, however, the Court can only venture to guess what remaining documents in the claim file are indeed confidential and made to give or seek legal advice.

Moreover, Geico has not established that the remainder of the claim file sought by Ms. Kannaday meets the basic and threshold requirements. Geico failed to provide the Court with information about who authored the purportedly privileged documents, the recipients of those documents, the dates the documents were created, or a description of the documents. Geico has not even demonstrated that it holds the privilege rather than the insured. As a result, Geico has failed to meet its burden to clearly show that the attorney-client privilege applies to any of the documents remaining in claim file.[38]

---

[37] *See* K.S.A. § 60-426 (listing elements of privilege under Kansas law); *see also New Jersey v. Sprint Corp.*, 258 F.R.D. 421, 443 (D. Kan. 2009).

[38] *See Presbyterian Manors, Inc. v. Simplexgrinnell, L.P.*, No. 09-2656-KHV, 2010 WL 3880027, at *4-7 (D. Kan. Sept. 28, 2010) (overruling objections based on attorney-client privilege and work-product doctrine because the party asserting objections failed to provide the court with sufficient information or a privilege log to determine whether any of the documents were protected); *Farha*, 2010 WL 3168146, at *4 (overruling objections based upon attorney-client privilege and work-product doctrine because the party asserting objections did not provide the court with sufficient information to determine whether the privileges applied to the withheld documents and, instead, relied on conclusory assertions); *Moses v. Halstead*, 236 F.R.D. 667, 676 (D. Kan. 2006) (overruling objections based on work-product doctrine because defendant made only a blanket assertion that the privilege applied and did not provide a privilege log or other sufficient description of the documents to enable the court to determine the applicability of the claimed privilege); *In re TJX Cos., Inc. Fair & Accurate Credit Transactions Act (FACTA) Litig.*, 2008 WL 2437558, at *4-5 (finding plaintiffs waived any claim of attorney-client privilege because they did not produce a privilege log or provide the court with sufficient information to determine the existence of the privilege); *Haid*, 2001 WL 964102, at *1-2 (affirming Magistrate Judge's order that defendant waived any privileges by failing to provide a privilege log); *Cotracom Commodity Trading Co.*, 189 F.R.D. at 661-62 (stating the court could have deemed the attorney-client privilege and work-product immunity objections waived because defendants never provided a privilege log); *Sonnino*, 221 F.R.D. at 667-69 (D. Kan. 2004) (declining to reconsider its ruling that defendants had waived the attorney-client privilege and work-product immunity after they had asserted only

Even assuming Geico had made a specific showing, it appears Mr. Charles Ball as Special Administrator of the Estate of Stephanie Hoyt has executed a waiver of the attorney-client privilege.[39] In a garnishment action under Kansas law, Ms. Kannaday stands in the shoes of the Hoyt estate.[40] Therefore, any potential documents remaining in the claim file that the client, the Hoyt estate, held as protected under the attorney-client privilege may have been waived.[41] The parties, however, did not fully brief this issue and the Court need not address it in light of Geico's failure to make the requisite Rule 26(b)(5) showing.

Based on the foregoing reasons, Geico's attorney-client privilege objection is overruled.

### 2. Work-Product Doctrine

Geico also objects to producing the remainder of the claim file on the grounds it is protected by the work-product doctrine. In diversity cases, work-product protection is governed by the uniform federal standard outlined in Fed. R .Civ. P. 26(b)(3).[42] To establish work-product protection, Geico must show "(1) the materials sought to be protected are documents or tangible

---

general objections and failed to provide the court with a privilege log or other description upon which it could determine that each element of the privilege or immunity had been satisfied).

[39] Garnishee Def.'s Mem. In Opp'n to Mot. to Compel at 10, ECF No. 26.

[40] *Kannaday v. Ball*, No. 09-2255-JWL, 2010 WL 2346368, at * 5 (D. Kan. June 9, 2010) (citing *Moses v. Halstead*, 581 F.3d 1248, 1254 & n.2 (10th Cir. 2009)). As explained by Judge Lungstrum:
> Under Kansas law, a judgment creditor (such as plaintiff in this case) may stand in the shoes of the judgment debtor (here, the estate) and proceed in garnishment against the debtor's insurer (Geico), including with respect to a claim against the insurer for the amount of the judgment in excess of the policy limits based on a failure to settle within policy limits.

*Id.*

[41] *See Blann v. Rogers*, No. 11-2711-CM-KGG, 2012 WL 4596180, at *3 (D. Kan. Oct. 2, 2012) (making a similar analysis).

[42] *Frontier Refining, Inc. v. Gorman-Rupp Co.*, 136 F.3d 695, 702 n.10 (10th Cir. 1998) (stating that "[u]nlike the attorney client privilege, the work product privilege is governed, even in diversity cases, by a uniform federal standard embodied in Fed. R. Civ. P. 26(b)(3).") (internal citations omitted).

things; (2) they were prepared in anticipation of litigation or for trial; and (3) they were prepared by or for a party or a representative of that party."[43]

The work-product doctrine protects from discovery those documents, things and mental impressions of a party or its representative, particularly its attorney, developed in anticipation of litigation.[44] The doctrine is not intended to protect work prepared in the ordinary course of business or investigative work unless it was done so under the supervision of an attorney in preparation "for the real and imminent threat of litigation or trial."[45] For the doctrine to apply there must be a real and substantial probability that litigation will occur at the time the documents were created.[46]

There are two components in determining whether documents are prepared "in anticipation of litigation."[47] The first is the causation requirement—the document in question must have been created because of the anticipation of litigation (i.e. to prepare for litigation or for trial).[48] The second component imposes a reasonableness limit on a party's anticipation of litigation—the threat of litigation must be "real" and "imminent."[49] In addition, courts look "to the primary motivating purpose behind the creation of the document to determine whether it

---

[43] *Johnson*, 191 F.R.D. at 643 (citing *Zapata v. IBP, Inc.*, 175 F.R.D. 574, 576 (D. Kan. 1997); *Mackey v. IBP, Inc.*, 167 F.R.D. 186, 200 (D. Kan. 1996); Fed. R. Civ. P. 26(b)(3)).

[44] *U.S. Fire Ins. Co. v. Bunge N. Am., Inc.*, 247 F.R.D. 656, 657 (D. Kan. 2007).

[45] *Id.*

[46] *Id.*

[47] *Marten*, 1998 WL 13244, at *10.

[48] *Id.*

[49] *Id.*

constitutes work product. Materials assembled in the ordinary course of business or for other non-litigation purposes are not protected by the work-product doctrine."[50]

In support of its work-product objection, Geico makes the same conclusory assertions as it did for its attorney-client privilege objection. Such conclusory assertions are inadequate to establish and preserve the claimed privilege. As explained above, Geico has also failed to sufficiently support its work-product objection by not providing a detailed and specific showing required under Rule 26(b)(5). For substantially the same reasons the Court overruled Geico's attorney-client privilege objection, the Court also overrules Geico's work-product objection.

In addition to these conclusory assertions and failure to make a Rule 26(b)(5) showing, Geico argues that "[o]nce an attorney has been hired for litigation, the activities and records of the insurer's claim file are no longer produceable though discovery."[51] Geico cites only a single case, *Henry Enterprises, Inc. v. Smith*, 592 P.2d 915 (Kan. 1979), in support of this argument.[52] Before examining this argument, however, it is important to note that the work-product doctrine, unlike the attorney-client privilege, is governed by federal law rather than state law.[53]

In *Henry Enterprises, Inc.*, the Kansas Supreme Court held:

[T]he initial investigation of a potential claim, made by an insurance company prior to the commencement of litigation, and not requested by or made under the guidance of counsel, is made in the ordinary course of business of the insurance company, and not "in anticipation of litigation or for trial" as those terms are used in K.S.A. 60-226(B)(3). Statements of witnesses taken during the course of such

---

[50] *Id.* (citations omitted).

[51] Garnishee Def.'s Mem. In Opp'n to Mot. to Compel at 9, ECF No. 26 (citing *Henry Enterprises, Inc. v. Smith*, 592 P.2d 915 (Kan. 1979)).

[52] The Court notes that Geico's Memorandum in Opposition relies on *Henry Enterprises, Inc. v. Smith* as its sole legal authority throughout its entire argument section.

[53] *S.E.C. v. McNaul*, 271 F.R.D. 661, 665 (D. Kan. 2010) (citing *Frontier Refining, Inc.*, 136 F.3d at 702 n.10).

initial investigations are therefore subject to discovery under K.S.A. 60-226(B)(1).[54]

The Court agrees with the holding in *Henry Enterprises, Inc.* that information gathered in an ordinary course of business is not protected by the work-product doctrine.[55] However, Geico's broad claim that once an attorney has been hired for litigation, the activities and records of the insurer's claim file are no longer subject to discovery is inaccurate. The fact that a party anticipates litigation does not make *all* documents thereafter generated by or for its attorney automatically protected under the work-product doctrine.[56] A party claiming work-product protection still must demonstrate the document was prepared principally or exclusively to assist in anticipated or ongoing litigation and establish the underlying nexus between the preparation of the document and the specific litigation.[57]

In this case, Geico has not provided the Court with sufficient information to determine whether any of the documents are subject to work-product protection. Geico does not show who prepared the alleged protected documents, at whose direction they were prepared, and for what purpose they were prepared. Rather, Geico relies on unsupported conclusory assertions which alone cannot establish work-product protection.[58] Accordingly, the Court overrules Geico's work-product objection.

---

[54] 592 P.2d at 921.

[55] *See Burton v. R.J. Reynolds Tobacco Co.*, 177 F.R.D. 491, 498 (D. Kan. 1997) (stating that "[e]ven if there is a general prospect of litigation, a document is not protected by work product immunity if the document was prepared merely in the regular course of business." *Id.*)

[56] *See Marten*, 1998 WL 13244, at *11.

[57] *Id.*

[58] *See U.S. Fire Ins. Co. v. Bunge N. Am., Inc.*, No. 05-2192-JWL, 2008 WL 2548129, at *7 (D. Kan. June 23, 2008) (overruling work-product objection because plaintiff, in its privilege log, relied only on conclusory assertions that the documents were created in anticipation of litigation and did not provide sufficient information for the court to determine whether the materials were created in the ordinary course of business); *Bohannon v. Honda Motor Co.*, 127 F.R.D. 536, 539 (D. Kan. 1989) (holding that plaintiff did not meet his burden to establish work-product

## B. Relevance

Geico additionally objects to producing the remaining claim file on the grounds that the information is irrelevant. Fed. R. Civ. P. 26(b)(1) states that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . ." Relevant information does not need to "be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."[59] Relevancy is broadly construed at the discovery stage and any "request for discovery should be considered relevant if there is 'any possibility' that the information sought may be relevant to the claim or defense of any party."[60] Nevertheless, "discovery, like all matters of procedure, has ultimate and necessary boundaries."[61] A discovery request "should be allowed 'unless *it is clear* that the information sought can have *no possible* bearing' on the claim or defense of a party."[62] Additionally, "[t]here is no presumption in the Federal Rules of Civil Procedure that a discovery request is relevant."[63]

Relevance is often apparent on the face of the request.[64] When discovery appears relevant on its face, the opponent to the discovery request must "establish the lack of relevance by

---

protection because he relied on bare conclusions, unsupported by affidavit or other specific explanation); *McCoo*, 192 F.R.D. at 683 (holding that defendant failed to establish work-product protection because it relied on conclusory allegations not supported by affidavits or other evidence); *Disidore v. Mail Contractors of Am., Inc.*, 196 F.R.D. 410, 414 (D. Kan. 2000) (holding that defendant's assertions of work-product were not supported by competent evidence).

[59] Fed. R. Civ. P. 26(b)(1).

[60] *Sheldon v. Vermonty*, 204 F.R.D. 679, 689 (D. Kan. 2001) (quoting *Scott v. Leavenworth Unified Sch. Dist. No. 453*, 190 F.R.D. 583, 585 (D. Kan. 1999); *Etienne v. Wolverine Tube, Inc.*, 185 F.R.D. 653, 656 (D. Kan. 1999)).

[61] *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1977) (quoting *Hickman v. Taylor*, 329 U.S. 495, 507 (1947)).

[62] *Jones v. Rent-A-Center, Inc.*, No. 01-2320-CM, 2002 WL 924833, at * 2 (D. Kan. May 2, 2002) (emphasis in original) (quoting *Scott*, 190 F.R.D. at 585).

[63] *Presbyterian Manors, Inc.*, 2010 WL 3880027, at *7 (D. Kan. Sept. 28, 2010) (citing *Thompson v. Jiffy Lube Int'l, Inc.*, No. 05-1203-WEB, 2007 WL 608343, at *8 n.20 (D. Kan. Feb. 22, 2007)).

[64] *Id.* (citing *Thompson*, 2007 WL 608343, at *8 n.20).

demonstrating that the requested discovery (1) does not come within the broad scope of relevance as defined under Rule 26(b)(1), or (2) is of such marginal relevance that the potential harm the discovery may cause would outweigh the presumption in favor of broad disclosure."[65] On the other hand, when relevancy is not apparent on the face of the request, the "proponent of a discovery request must, in the first instance, show the relevance of the requested information to the claims or defenses in the case."[66]

In this case, Ms. Kannaday argues that the request for Geico's claim file could reasonably lead to the discovery of admissible evidence. The Court agrees. Communications between Geico and Mr. Ball appear relevant to prove negligence and bad faith. In addition, the substance of the communications and the mere existence of any communication—or lack thereof—could be relevant to Ms. Kannaday's claims. Therefore, the Court finds that Ms. Kannaday's request for the remaining claim file to be facially relevant. The burden then shifts to Geico to establish the lack of relevance.

Geico argues that it "has produced all claim file documents relevant to the claim settlement and adjustment phases of litigation" and that "[n]o other claim file would be remotely relevant."[67] This conclusory statement, however, does not show that the request is outside the broad scope of relevance as defined under Rule 26(b)(1). Further, Geico argues that Ms. Kannaday "has provided this Court with no reason why Geico's remaining claim file is relevant to any of the issues related in the garnishment."[68] Because the request is facially relevant, however, the burden falls on Geico to prove lack of relevance.

---

[65] *Goodyear Tire & Rubber Co.*, 211 F.R.D. at 663 (citing *Scott*, 190 F.R.D. at 585).

[66] *Presbyterian Manors, Inc.*, 2010 WL 3880027, at *7 (citing *Thompson*, 2007 WL 608343, at *8 n.20).

[67] Mem. in Opp'n to Mot. to Compel at 9, ECF No. 26.

[68] *Id.*

Geico further contends that the remaining documents in the claim file have no relevance to Ms. Kannaday's claims because the assets of the Hoyt estate were never at risk during any portion of the first or second trials and, therefore, Geico could not have acted in bad faith. In addition, Geico argues that it did not act in bad faith because of the collusion between Ms. Kannaday's attorney and the administrator of the Hoyt estate.[69] Moreover, Geico argues that the only bad faith claim available to Ms. Kannaday is Geico's pre-litigation settlement procedures.[70] These arguments go towards the ultimate issue of Geico's alleged bad faith or negligence. The Court, however, is here to decide the discovery dispute before it, not Ms. Kannaday's claims.

After careful examination of Geico's brief in opposition to the present motion, the Court finds that Geico has failed to show Ms. Kannaday's request is outside of the broad scope of discovery relevance. Accordingly, the Court finds the remaining claim file to be discoverable and overrules Geico's objections.

**IV.     Attorney's Fees and Expenses**

Fed. R. Civ. P. 37(a)(5) governs the award of fees and expenses associated with motions to compel. If a motion to compel is granted, "the court *must*, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion . . . to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees."[71] A court *must not* order expenses if: "(i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure,

---

[69] *Id.*

[70] *Id.* at 9.

[71] Fed. R. Civ. P. 37(a)(5)(A) (emphasis added).

17

response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust."[72]

A party's objection is substantially justified if it is "justified to a degree that could satisfy a reasonable person or if reasonable people could differ as to the appropriateness of the objection or response."[73] In this case, the Court finds that the parties' discovery dispute to be justified given the nature of the documents involved and the claim of privilege. Accordingly, the Court does not award any fees or expenses associated with this motion to compel.

Accordingly,

**IT IS THEREFORE ORDERED** that Plaintiff Rachel Kannaday's Motion to Compel (ECF No. 21) is hereby granted. By 5:00 PM CDT on April 9, 2013, Garnishee Defendant Geico shall fully produce the documents requested in Request No. 1 of Plaintiff's First Request for Production of Documents to Garnishee Defendant.

**IT IS SO ORDERED.**

Dated this 3rd day of April, 2013, at Topeka, Kansas.

*s/* K. Gary Sebelius
K. Gary Sebelius
U.S. Magistrate Judge

---

[72] Fed. R. Civ. P. 37(a)(5)(A) (emphasis added).

[73] *Linnebur v. United Tel. Ass'n*, No. 10-1379-RDR, 2012 WL 1183073, at *1 (D. Kan. Apr. 9, 2012) (citations and internal quotations omitted).