IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| RACHEL KANNADAY, | ) |
| Plaintiff-Garnishor, | ) |
| v. | ) Case No. 12-2742-RDR |
| CHARLES BALL, *Special Administrator of the Estate of Stephanie Hoyt*, | ) |
| Defendant, | ) |
| v. | ) |
| GEICO INDEMNITY INSURANCE COMPANY, | ) |
| Garnishee-Defendant. | ) |

**MEMORANDUM AND ORDER**

This matter comes before the Court upon Plaintiff Rachel Kannaday's Motion to Quash and Motion for Protective Order (ECF No. 49). For the reasons set forth below, Plaintiff's Motions are hereby denied in most respects.

**I.     Relevant Background**

The procedural history of this case is extensive and, therefore, the Court only provides a summary of the facts that are material to the current dispute.[1] This action arises from a July 13, 2005 motor vehicle accident involving an 18-wheel semi-trailer and an automobile. The accident resulted in the death of the automobile driver, Stephanie Hoyt, and caused severe injuries to Ms. Kannaday, one of Ms. Hoyt's passengers.

On March 17, 2006, Ms. Kannaday, through her attorney Paul Hasty, petitioned the District Court of Wyandotte County, Kansas to appoint Charles Ball as Special Administrator of

---

[1] The Court notes that for clarity purposes it will provide full citations when citing to matters relating to this case.

Ms. Hoyt's Estate.[2] That same day, Ms. Kannaday initiated a lawsuit against Mr. Ball as Special Administrator of Ms. Hoyt's Estate. The lawsuit was based on Ms. Hoyt's negligence that led to the automobile accident and Ms. Kannaday's injuries. Garnishee Defendant Geico Indemnity Insurance Company, Ms. Hoyt's liability insurer, hired counsel to defend that action on behalf of Ms. Hoyt's Estate. On December 27, 2007, Mr. Ball executed a settlement agreement with Ms. Kannaday unbeknownst to Geico. The agreement provided in part:

> Kannaday may present, ex parte, Kannaday's evidence to the District Court of Wyandotte County, Kansas for the Court's consideration on the judgment to be entered in favor of Kannaday and against the representative of the estate of Hoyt. In exchange, Kannaday agreed not to execute on the judgment against any Estate assets but to seek to recover on the judgment only from GEICO. To that end, Ball would assign to Kannaday any claim he or the Estate had against GEICO for bad faith.[3]

On March 18, 2009, the court held the *ex parte* hearing as described in the parties' settlement agreement. That same day, the court entered a judgment for $7,219,064.37 in favor of Ms. Kannaday. Ms. Kannaday proceeded to file a garnishment action to recover the judgment from Geico based on its alleged negligence and bad faith acts while defending Ms. Hoyt's Estate. Geico subsequently removed the case to the United States District Court for the District of Kansas.[4]

During the discovery phase, Geico sought information from Mr. Hasty himself. As a way to avoid deposing Mr. Hasty, Geico served Ms. Kannaday narrowly focused interrogatories and requests for admissions. Ms. Kannaday responded to some of the written discovery along with

---

[2] *Kannaday v. Ball*, 234 P.3d 826, 828 (Kan. Ct. App. 2010).

[3] *Id.* at 829 (quotation marks omitted). The Court notes that this agreement was actually executed twice. The first on August 30, 2006, and again on December 27, 2007. The December 27, 2007 settlement agreement described above was a copy of the August 30, 2006 settlement agreement. The description provided by the Kansas Court of Appeals pertained to the August 30, 2006 settlement agreement.

[4] *Kannaday v. Ball*, Case No. 09–2255–JWL, Notice of Removal, ECF No. 1.

several objections. Instead of filing a motion to compel, Geico filed a motion to extend the discovery deadline in order to depose Mr. Hasty. Magistrate Judge James P. O'Hara denied Geico's motion with the understanding that, in order to develop the record necessary for a more precise ruling, Geico would serve a notice to depose Mr. Hasty and Ms. Kannaday would respond by filing a motion for a protective order quashing the notice.[5] On November 16, 2009, Geico served Mr. Hasty with a notice to take his deposition. Four days later, Ms. Kannaday filed a motion for protective order. The court denied Ms. Kannaday's motion for protective order but limited the scope of the deposition to the written discovery requests previously served by Geico. The court also restricted the deposition to one hour and ordered that it to take place at the U.S. Courthouse so Judge O'Hara could preside over the deposition. On December 18, 2009, Geico took the deposition of Mr. Hasty.

On June 18, 2010, while the garnishment action was pending in federal court, the Kansas Court of Appeals reversed in part the underlying District Court of Wyandotte County judgment and remanded the case for a trial on the merits.[6] As a result, the garnishment action in federal court was dismissed without prejudice.[7] On May 23, 2012, after a three-day trial on the merits, judgment was rendered in favor of Ms. Kannaday for $4,723,368.60.[8] Initially, Ms. Kannaday appealed this judgment but later dismissed her appeal in November 2012. She then initiated the present garnishment action to recover the May 23, 2012 judgment from Geico based on Geico's alleged negligence and bad faith acts while defending Ms. Hoyt's Estate. On November 26,

---

[5] *Kannaday v. Ball*, Case No. 09–2255–JWL, Order at 2–3, ECF No. 75.

[6] *Kannaday v. Ball*, 234 P.3d 826, 833 (Kan. Ct. App. 2010).

[7] *Kannaday v. Ball*, Case No. 09–2255–JWL, Order, ECF No. 134.

[8] *Kannaday v. Ball*, Case No. 12–2742–RDR, Judge David W. Boal's Findings of Fact and Conclusions of Law, at ¶ 8, ECF No. 26–5.

2012, the present garnishment action was removed to the United States District Court for the District of Kansas.[9]

On May 7, 2013, Geico served Mr. Hasty a Notice of Deposition *Duces Tecum* ("Notice") informing him that Geico intended to take his deposition. The Notice also requested Mr. Hasty to produce Ms. Kannaday's claim and litigation files except for those involving the two federal garnishment actions.[10] In a corresponding letter sent to Mr. Hasty, Geico states it will cover the following topics in the deposition: matters and information associated with Ms. Kannaday's initial claims; Mr. Hasty's interactions with Geico; Mr. Hasty's selection of Charles Ball as the Special Administrator for the Estate of Hoyt; and the entire underlying litigation against the Estate of Hoyt.[11] Ms. Kannaday has now moved for a protective order barring Mr. Hasty's deposition and an order quashing the Notice. If the present Motion is denied, Ms. Kannaday requests in the alternative for the Court to impose the same guidelines and restrictions ordered by Judge O'Hara in Mr. Hasty's previous deposition.

**II.    Discussion**

Pursuant to Fed. R. Civ. P. 26(c), a "court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . ." The district court has broad discretion to fashion the scope of a protective order.[12] Despite this broad discretion, "a protective order is only warranted when the movant demonstrates that

---

[9] *Kannaday v. Ball*, Case No. 12–2742–RDR, Notice of Removal, ECF No. 1.

[10] The Court notes that *Kannaday v. Ball*, Case No. 09–2255–JWL, is the first federal garnishment action and *Kannaday v. Ball*, Case No. 12–2742–RDR, is the second federal garnishment action.

[11] *Kannaday v. Ball*, Case No. 12–2742–RDR, Letter from Lee Smithyman to Paul Hasty, Jr., at 1, ECF No. 50–1.

[12] *Layne Christensen Co. v. Purolite Co.*, 271 F.R.D. 240, 244 (D. Kan. 2010).

protection is necessary under a specific category set out in Rule 26(c)."[13] In addition, the party seeking a protective order bears the burden of establishing good cause.[14] To do this, the movant must make "a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements."[15]

The deposition of opposing counsel is not prohibited by the Federal Rules of Civil Procedure.[16] Courts in this District, however, have recognized the potential for abuse in deposing an opponent's attorney by inviting "delay, disruption of the case, harassment, and unnecessary distractions into collateral matters."[17] As a result, this District generally follows the criteria set forth in *Shelton v. American Motors Corp.*[18] In *Shelton*, the Eighth Circuit Court of Appeals recognized the increasing practice of taking the deposition of opposing counsel as a negative development, and one that should be employed only in limited circumstances.[19] As a result, *Shelton* set forth certain limited circumstances where the court should permit the deposition of opposing counsel.[20]

---

[13] *Herrera v. Easygates, LLC*, No. 11–CV–2558–EFM–GLR, 2012 WL 5289663, at *2 (D. Kan. Oct. 23, 2012) (citing *Aikens v. Deluxe Fin. Servs., Inc.*, 217 F.R.D. 533, 534 (D. Kan. 2003)).

[14] *Layne Christensen Co.*, 271 F.R.D. at 244.

[15] *Aikens*, 217 F.R.D. at 534 (quoting *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 102 n.16 (1981)).

[16] *See* Fed. R. Civ. P. 30(a)(1) ("A party may, by oral questions, depose *any person* . . . .") (emphasis added).

[17] *Mike v. Dymon, Inc.*, 169 F.R.D. 376, 378 (D. Kan. 1996) (citing *Hay & Forage Indus. v. Ford New Holland, Inc.*, 132 F.R.D. 687, 689 (D. Kan. 1990)).

[18] *See, e.g.*, *Buth v. AAA Allied Grp., Inc.*, No. 12–CV–1223–JWL–DJW, 2013 WL 1308543, at *1 (D. Kan. Mar. 28, 2013) (stating that as a result of potential abuse in deposing opposing counsel, courts in this District generally follow the criteria set forth in *Shelton v. Am. Motors, Corp.*, 805 F.2d 1323, 1327 (8th Cir. 1986)); *Ed Tobergate Assocs. v. Russell Brands, LLC*, 259 F.R.D. 550, 554–55 (D. Kan. 2009) (stating that "courts in this District have almost universally applied the *Shelton* criteria in deciding whether to allow the deposition of opposing trial counsel."); *Cont'l Coal, Inc. v. Cunningham*, No. 06–2122–KHV, 2008 WL 145245, * 2 (D. Kan. Jan. 14, 2008) (applying the *Shelton* criteria to a motion for a protective order prohibiting the depositions of opposing counsel).

[19] *Shelton*, 805 F.2d at 1327.

[20] *Id.* Specifically, those circumstances should be limited to those in which the party seeking the deposition has shown that: "(1) no other means exist to obtain the information except to depose opposing counsel . . . ; (2) the

In the first federal garnishment action, the issue of deposing Mr. Hasty was before Judge O'Hara.[21] Judge O'Hara held that the heightened standard a party must generally meet to depose opposing counsel did not apply to the deposition of Mr. Hasty.[22] The court determined that the information sought by Geico related to Mr. Hasty's actions in the underlying tort case—not his role as Ms. Kannaday's attorney in the garnishment action. In addition, deposing Mr. Hasty was not distinguishable from the previously taken deposition of Mr. Vix, an attorney who represented Ms. Hoyt's Estate and indirectly Geico. As Judge O'Hara stated, "Hasty should not be allowed to shield information about his own actions simply because he, unlike Vix, continues to represent a party in this garnishment action."[23] The court further opined that, even if it were to apply the heightened standard for attorney depositions, Geico has established that the information is relevant for discovery purposes and is crucial to the preparation of Geico's case.[24]

The Court agrees with Judge O'Hara's reasoning and finds that the heightened standard for taking the deposition of opposing counsel does not apply under these unusual circumstances. The proposed topics Geico seeks to cover in Mr. Hasty's deposition relate to the underlying tort claim and not Mr. Hasty's activities during the first or second garnishment actions. The rationale behind the heightened standard is not meant to protect opposing counsel in this unique situation. Therefore, the Court finds the heightened standard does not apply here.

In this case, Ms. Kannaday believes Geico only wants to depose Mr. Hasty because he took the depositions of Geico's counsel and claim representatives. Ms. Kannaday is also

---

information sought is relevant and nonprivileged; and (3) the information is crucial to the preparation of the case." *Id.* (internal citations omitted).

[21] *Kannaday v. Ball*, Case No. 09–2255–JWL, Pl.'s Mot., ECF No. 67.

[22] *Kannaday v. Ball*, Case No. 09–2255–JWL, Order, at 3, ECF No. 75.

[23] *Id.* at 4.

[24] *Id.* at 4.

concerned that Geico intends to inquire about topics not relevant to this garnishment action. Namely, Ms. Kannaday argues that information relating to other lawsuits involving her and communications between Mr. Hasty and Geico's counsel, particularly those after 2009, are irrelevant. Ms. Kannaday further contends that Geico seeks privileged information by accessing her file and by deposing Mr. Hasty. Ms. Kannaday claims what Geico "really wants is a chance to cross-examine the adverse counsel on adverse counsel's opinions."[25] In addition to these concerns, Ms. Kannaday argues that Geico is unable to identify any new developments since Mr. Hasty's last deposition in December 2009. Moreover, Ms. Kannaday argues that the documents Geico seeks are not discoverable and are too voluminous to produce.[26]

The Court, however, finds that Ms. Kannaday has not shown good cause to grant a protective order. The potential topics to be covered in Mr. Hasty's deposition appear to relate to the underlying tort lawsuit, which is the subject of this garnishment action. Mr. Hasty's interactions with Mr. Ball, Geico's claims adjusters, and Geico's counsel are likely, as stated by Geico, to be "important to all aspects of the bad faith and negligence claims . . . ." For example, Mr. Hasty was involved with petitioning the court to appoint Mr. Ball as Special Administrator. Mr. Hasty and Mr. Ball were also involved with the settlement agreement in the underlying tort action and the March 2009 *ex parte* hearing that granted a $7,219,064.37 judgment in favor of Ms. Kannaday. Deposing Mr. Hasty about his interactions with Mr. Ball along with his interactions with Geico may lead to the discovery of admissible evidence relevant to Geico's asserted defenses in this matter.

---

[25] *Kannaday v. Ball*, Case No. 12–2742–RDR, Pl.'s Mem. in Supp. of Mot., at ¶ 11, ECF No. 50.

[26] Ms. Kannaday argues that her file occupies two entire file cabinets and that it "makes no sense to box all of that up and take it to a deposition in this garnishment case." *Kannaday v. Ball*, Case No. 12–2742–RDR, Pl.'s Mem. in Supp. of Mot., at ¶ 10, ECF No. 50.

In addition, Ms. Kannaday failed to identify the specific category set forth in Rule 26(c) that necessitates a protective order. The Court recognizes that deposing Mr. Hasty for a second time in a related garnishment action may cause annoyance. Nonetheless, the discovery tool selected by Geico is likely the quickest method to gather such information in a case with extensive history as this. The Court is also aware that some topics that may be covered at Mr. Hasty's upcoming deposition are similar to those covered in his previous deposition. The previous deposition, however, was restricted to the specific written discovery in dispute at that time. Additionally, since Mr. Hasty's last deposition, the Kansas Court of Appeals reversed the $7,219,064.37 judgment, a trial on the merits was conducted, and a new judgment was entered. Because of these new developments and the restrictions placed on Mr. Hasty's first deposition, Geico shall be allowed to depose Mr. Hasty on the topics it proposes.

Ms. Kannaday also failed to show how or which specific information sought by Geico is privileged and warrants a protective order. Ms. Kannaday claims that the file sought by Geico is not discoverable because it "contains many privileged communications between attorney and client. It also contains counsel's work product with regard to thought process, opinions, and research."[27] The Court rejects such conclusory assertions for substantially the same reasons outlined in its April 3, 2013 Memorandum and Order.[28] Nevertheless, the Court recognizes that Geico's request for Ms. Kannaday's file may unintentionally encompass other unrelated litigation. Specifically, Ms. Kannaday argues that her file contains documents relating to an interpleader action and a lawsuit involving unpaid medical bills. The Court, in its discretion, finds that such documents are not relevant to this garnishment action and, therefore, Ms.

---

[27] *Kannaday v. Ball*, Case No. 12–2742–RDR, Pl.'s Mem. in Supp. of Mot., at ¶ 11, ECF No. 50.

[28] *See Kannaday v. Ball*, No. 12–2742–RDR, 2013 WL 1367055, at *2–3 (D. Kan. Apr. 3, 2013) (stating that a party asserting attorney-client privilege and/or work-product protection must make a clear evidentiary showing that the privilege applies rather than making mere conclusory assertions or blanket claims of privilege).

Kannaday is not required to bear the additional expense to produce documents relating to these two specific lawsuits. Despite this limitation and based on the foregoing analysis, the Court hereby denies in part Ms. Kannaday's Motions. The deposition of Mr. Hasty may proceed as properly noticed by Plaintiff's counsel.

In addressing Ms. Kannaday's alternative relief, the Court is not inclined to set forth specific limitations on Mr. Hasty's deposition other than those discussed in the scheduling order governing this case and this District's deposition guidelines.[29] Particularly, any "[d]isputes that arise during the deposition which cannot be resolved by agreement and which, if not immediately resolved, will significantly disrupt the discovery schedule or require a rescheduling of the deposition, may be addressed by oral motion in a telephone conference with the Court, subject to the Court's availability."[30] Further, Mr. Hasty may make any necessary objections when answering a question that implicates privilege or work product protection. However, "[w]hen privilege or work product immunity is asserted, the witness is nevertheless required to answer questions relevant to the existence, extent, or waiver of the privilege/immunity, such as the date of a communication, who made it, to whom it has been disclosed, and its general subject matter."[31]

Accordingly,

**IT IS THEREFORE ORDERED** that Plaintiff Rachel Kannaday's Motion to Quash and Motion for Protective Order (ECF No. 49) are hereby denied in most respects. Plaintiff

---

[29] The United States District Court for the District of Kansas, *Deposition Guidelines*, http://www.ksd.uscourts.gov/deposition-guidelines/ (last visited July 24, 2013).

[30] *Id.* at ¶ 9.

[31] *Id.* at ¶ 5(b).

Kannaday is not required to produce documents relating to an interpleader action and a lawsuit involving unpaid medical bills as described above.

**IT IS SO ORDERED.**

Dated this 24th day of July, 2013, at Topeka, Kansas.

s/ K. Gary Sebelius  
K. Gary Sebelius  
U.S. Magistrate Judge
