IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| RACHEL KANNADAY, | ) | |
| | ) | |
| Plaintiff Garnishor, | ) | |
| vs. | ) | Case No. 12-CV-02742-RDR-KGS |
| | ) | |
| CHARLES BALL, Special Administrator | ) | |
| of the Estate of Stephanie Hoyt, Deceased, | ) | |
| | ) | |
| Defendant, | ) | |
| vs. | ) | |
| | ) | |
| GEICO INDEMNITY INSURANCE COMPANY, | ) | |
| | ) | |
| Garnishee Defendant. | ) | |

## MEMORANDUM IN SUPPORT OF GEICO'S MOTION TO STRIKE PLAINTIFF'S ADDITIONAL STATEMENT OF UNCONTROVERTED FACTS

This Memorandum in Support of GEICO's Motion to Strike Plaintiff's Additional Statement of Uncontroverted Facts (Doc. 71, pp. 8-59) will establish that Plaintiff's additional allegations do not comply with D. Kan. Rule 56.1 because:

(1)     they are not material;

(2)     they are not concise; and

(3)     they do not address the substance of the facts presented in GEICO's Memorandum in Support of its Motion for Summary Judgment (Doc. 67).

## ARGUMENT

**A.     Introduction.**

In response to GEICO's 28 paragraphs of uncontroverted facts (Doc.67, at 2-6, 24-25), the Plaintiff set forth 330 paragraphs of facts that span 52 pages (Doc. 71, at 8-59). These 330 paragraphs should be stricken for failure to comply with D. Kan. Rule 56.1,

which requires "a **concise** statement of **material** facts," which set forth "each fact in a **separately numbered paragraph**." D. Kan. 56.1(b)(2) (emphasis added). Moreover, Plaintiff's responses fail to "fairly meet the substance of the matter asserted," as required by D. Kan. Rule 56.1(e).

## B.    Statements Are Not Material.

GEICO's Motion is premised on seven key facts[1]. The first three facts address whether the Estate of Hoyt could possess a bad faith claim where the immunity of the Kansas non-claim statute prevented any damage award against the insured. The remaining four facts provide the basis to determine whether the Administrator of the Estate of Hoyt breached the insurance agreement and the insured's mutual duty by agreeing to an *ex parte* judgment of $7,219,064.37 in return for Kannaday's forbearance to prosecute an enforceable claim.

These two simple presentations of law do not depend, in any way, upon the facts, circumstances and activities for which the merits of a bad faith claim would be analyzed. However, Kannaday's 330 paragraphs of allegations solely and exclusively address facts and allegations which go to the merits of a bad faith claim. They have no bearing upon statutory immunity or the insured's breach of fiduciary duty. Thus, they do not affect GEICO's Motion for Summary Judgment. Take, for example, one sample paragraph within the 330 provided by Kannaday:

---

[1]     Doc. 67, Uncontroverted Statements ¶¶ 1, 11, 13, 23, 26, 27 and 28. See footnotes 1 and 17.

216. Ms. Brantley knew by April 17, 2006, that GEICO had service of process on all of the parties in the interpleader other than Wesley Medical Center (who only had a claim of lien), and it was Ms. Brantley's responsibility during that period of time to be taking steps to best protect the interest of the Hoyt Estate. Ms. Wright had never made a claim while Ms. Brantley was handling the claim file. Nothing was done to try to settle with Ms. Kannaday for the $25,000 and dismiss the interpleader (Exhibit A, Brantley, page 192, line 8 - 23).

Issues of what Ms. Brantley knew and when she knew it, or what Ms. Brantley's responsibilities were, or whether settlement was attempted or not, have no bearing upon the Kansas non-claim statutory immunity issue. Likewise, such allegations have no relevance whatsoever upon the contractual obligations or breach thereof undertaken by the Administrator when agreeing to the *ex parte* judgment. The statements simply are not material or relevant to the issues presented by GEICO's Motion for Summary Judgment.

Paragraph 216 is one example. The other 329 paragraphs are no different. All go to allegations associated with an attempt to support a bad faith claim. None go to statutory immunity, damages, or the insured's breach of a mutual fiduciary duty. GEICO therefore requests that the paragraphs be stricken.

**C.      Statements Are Not Concise.**

Some paragraphs are more concise than others. However, many are as factually complex and difficult as that provided in the paragraph 216 example above. Each numbered paragraph is to contain a fact. Paragraph 216 contains many, many facts, to include:

(1)      what Ms. Brantley knew by April 17, 2006;

(2)      whether or not GEICO had service of process on all parties in the interpleader other than Wesley Medical Center;

(3)     whether GEICO's service of process was completed by April 17, 2006;

(4)     whether Wesley Medical Center only had a lien claim, rather than a cause of action;

(5)     that Ms. Brantley's responsibility was to take steps to best protect the interests of the Hoyt Estate;

(6)     that Ms. Wright never made a claim while Ms. Brantley was handling the file;

(7)     that nothing was done to try to settle with Ms. Kannaday for $25,000 (presumably at any time); and

(8)     that nothing was done to dismiss the interpleader (presuming such dismissal would be desirable, or even possible without the agreement of all interpleader parties).

Quite clearly, paragraph 216 provides many more facts than the "each fact per paragraph" mandated by D. Kan. 56.1(b)(2).  As such, the paragraph should be stricken.

**D.     Because the Paragraphs Do Not Address the Substance of the Facts Presented by GEICO, They Should be Stricken.**

GEICO's Memorandum in Support relies upon the seven key facts described earlier. The 330 paragraphs of Kannaday's Response do not address these facts. The paragraphs do not present new and additional facts which alter application of the Kansas non-claim statutory immunity.  The paragraphs do not support an argument that the Administrator's agreement to the *ex parte* judgment was not a breach of the insurance contract or the insured's mutual fiduciary duty.  The facts solely address issues related to factual support

of the bad faith theory.  That theory is not the basis of GEICO's Motion for Summary Judgment.

The case of *Scott v. Combined Ins. Co. of America,* 2006 WL 2540308 at *1 (D. Kan. Jan. 13, 2006) is instructive.  In *Scott,* the defendant filed a motion for summary judgment that contained 92 uncontroverted facts.  The plaintiffs' response included an additional 502 facts that spanned 87 pages.  The Court granted defendant's motion to strike, stating:

> First, the majority of the paragraphs contain more than one fact, which is improper under Rule 56.1(b)(2).  Second, the recitation of facts is not concise–plaintiffs' facts largely consist of summaries or digests of plaintiffs' depositions, tracking the transcripts page-by-page and line-by-line.  Many facts appear multiple times in different paragraphs.  And third, the court questions whether plaintiffs made any attempt to identify those facts which are material to the issues at hand.  It appears to the court that plaintiffs want the court to consider the entire record before it, even those portions which are irrelevant or inadmissible for other reasons.

*Id.  See also, Tip Top Credit Union v. Cumis Ins. Society, Inc.,* 1990 WL 129455 at *1 (D. Kan. Aug. 20, 1990)(striking defendant's 215 paragraphs of additional facts which raised new issues and arguments, and contained "legal conclusions based upon [defendant's] interpretation of the facts.").

Here, Plaintiff's additional facts do not fairly meet the substance of the matters asserted in GEICO's memorandum.  Not one of Plaintiff's 330 paragraphs addresses the two issues set forth in GEICO's memorandum (Doc. 67).  For instance, Plaintiff's facts spend numerous pages discussing the actions and training of GEICO claims personnel.  Such facts have no bearing on whether the Estate suffered actual harm, or whether Ball was in breach.  Similarly, Plaintiff's numerous facts regarding the actions and communications of the Fleeson firm have no bearing on these two issues.  Because

Plaintiff's facts do not respond to, or even relate to the two issues set forth in GEICO's memorandum, they should be stricken.

## CONCLUSION

GEICO respectfully submits that striking Plaintiff's Additional Statement of Uncontroverted Facts (Doc. 71) will present the Court with only relevant, material, concise facts which address the two narrow issues presented in GEICO's Memorandum in Support of its Motion for Summary Judgment (Doc. 67).

SMITHYMAN & ZAKOURA, CHARTERED

By:_____
    Lee M. Smithyman, KS #09391
    750 Commerce Plaza II
    7400 West 110th Street
    Overland Park, KS 66210
    (913) 661-9800
    Fax: (913) 661-9863
    Email: lee@smizak-law.com

ATTORNEYS FOR GARNISHEE DEFENDANT
GEICO INDEMNITY INSURANCE COMPANY

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the above document was filed through the Court's ECF system on the 15th day of November, 2013, and that a copy will be served electronically upon:

Paul Hasty, Jr.
Hasty & Associates, LLC
7101 College Boulevard, Suite 350
Overland Park, KS  66210
Email: phasty@hastyassoc.com

SMITHYMAN & ZAKOURA, CHARTERED

By:_____
Attorneys for Garnishee Defendant
GEICO Indemnity Insurance Company