IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

Rachel Kannaday,

        Plaintiff Garnishor,

vs.

Charles Ball, Special Administrator of the     Case No. 12-2742-JTM
Estate of Stephanie Hoyt, deceased,

        Defendant,

vs.

GEICO Indemnity Insurance Co.,

MEMORANDUM AND ORDER

Plaintiff Rachel Kannaday has filed two motions in limine. In the first (Dkt. 87), she seeks to exclude certain expert opinions to be offered on behalf of Garnishee Geico Indemnity Insurance. In the second (Dkt. 101), she seeks exclusion of evidence relating to PIP benefits. The parties are familiar with the factual background, which has been extensively considered in this and in associated litigation,[1] and the court need not recite this

---

[1] In *Kannaday v. Ball*, 234 P.3d 826 (Kan.App. 2010), the Kansas Court of Appeals rejected Geico's argument that any action against it was precluded by the state nonclaim statute, K.S.A. 59-2239, and found invalid the original settlement agreement between Kannaday and the Special Administrator of Sarah Hoyt's Estate. In the earlier

history here. For the reasons provided herein, the plaintiff's motions are hereby denied.

The first motion seeks to exclude extensive portions for the opinions submitted by Geico's experts, J. Nick Badgerow and Garth Allen. Although the plaintiff references two dozen specific portions of Badgerow's and Allens's declarations as objectionable, all objections share two general themes. Kannaday first argues that the opinions cannot be accepted into evidence, because they are contrary to Kansas law as articulated in decisions such as *Farmers Ins. Exchange v. Schroop*, 222 Kan. 612, 567 P.2d 1359 (1977), and *Coleman v. Holecek*, 542 F.2d 532, 537 (10 Cir. 1976) (recognizing that "a claim for damages in excess of the policy limits ... creates a conflict of interests"). She also argues that any testimony as to the duty owed by an attorney under Kansas law is superfluous and irrelevant in light of *Schroop* and *Insurance Co. of North America v. Medical Protective Co.*, 768 F.2d 315, 322 (10th Cir. 1985), as well as the independent regulation of attorneys by the Kansas Supreme Court.

The court denies the motion to exclude. As a preliminary matter, the court observes that this case will be presented to the court as a bench trial. Accordingly the danger from the introduction of otherwise inadmissible evidence is substantially reduced. *See Attorney Gen. of Okla. v. Tyson Foods*, 565 F.3d 769, 780 (10th Cir. 2009). More importantly, the court does not construe the proposed testimony as an attempt to circumvent or disregard Kansas law. Rather, it appears to be an explanation for how that law applies to the facts of the case.

---

garnishment action, Judge Lungstrum denied summary judgment for either party. *Kannaday v. Ball*, No. 09-2255-JWL (D. Kan. June 9, 2010). Most recently, of course, Judge Rodgers denied the motions for summary judgment advanced by both parties. (Dkt. 84).

The proposed expert opinion does not address the existence of a *Schroop* conflict based on a claim in excess of policy limits, but whether a conflict arose based on the common representation of Geico and the Special Administrator.

Geico's reliance of the non-claim statute as an absolute bar to any recovery by Kannaday was doubted by Judge Lungstrum , 2010 WL 2346368, at *8, denied by the Kansas Court of Appeals, 234 P.3d at 831, and, in what is now the law of the case, explicitly rejected by Judge Rogers, Dkt. 84, at 10-15. Nevertheless, the actual *scope* of any conflict of interests, and whether Geico actually and ultimately *breached* any duties owed to its insured under the specific circumstances of this case, are factual matters reserved for trial. As Judge Lungstrum recognized, insurer liability for negligent or bad faith refusal to settle rests upon numerous factors, including "the amount of financial risk to which each party is exposed." 2010 WL 2346368, at *5 (citing *Bollinger v. Nuss*, 202 Kan. 326, 338, 449 P.2d 502, 512 (1962)). By the same token, evidence as to industry practice and the actual performance of the attorneys involved, are properly considered by the court as trier of fact.

The court similarly rejects the plaintiff's request to exclude evidence relating to PIP claims. In a single-paragraph motion, Kannaday asserts that any PIP claim should be excluded because it is "totally irrelevant" to whether Geico acted in good faith and without negligence in responding to the liability claim against the Hoyt estate. (Dkt. 101, at 1). The court denies the motion. The plaintiff has advanced the claim that Geico has acted in bad faith, and Geico may present evidence relating to all the communications between parties in 2006 both as background to the dealings between the parties, and as contradiction to the

3

allegation of bad faith..

IT IS ACCORDINGLY ORDERED this 3rd day of July, 2014, that the Plaintiff's Motions in Limine (Dkt. 87, 101) are hereby denied.

                                                    s/ J. Thomas Marten
                                                    J. THOMAS MARTEN, CHIEF JUDGE